UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 5010 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ABRAHAM GALBUT, SETH FROHLICH, | ) | |
| ANDREW GREENBAUM, NEIL GREENBAUM | ) | |
| and ERIC GALBUT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, GE Business Financial Services, Inc., entered into a loan agreement with

Bridgehampton, LLC, whereby Plaintiff loaned Bridgehampton $48.7 million for acquisition and

development of certain land in Jacksonville, Florida. Defendants, Abraham Galbut,

Seth Frohlich, Andrew Greenbaum, Neil Greenbaum and Eric Galbut each agreed to guarantee a

portion of the loan. Bridgehampton defaulted on the loan, and Defendants have failed to pay the

guaranteed amount of the loan. Plaintiff brought suit against Defendants in this Court and

initiated an action to foreclose on the property in the Circuit Court of the Fourth Judicial District

of the State of Florida. Defendants have moved to dismiss the Complaint or, in the alternative, to

stay proceedings pending resolution of the Florida action.

### ANALYSIS

*Venue*

Defendants argue that venue is improper under 28 U.S.C. § 1391 and, alternatively, that

venue is improper under the doctrine of *forum non conveniens*. In a diversity action, venue is

proper in "a judicial district in which a substantial part of the events . . . giving rise to the claim

occurred." 28 U.S.C. § 1391. Plaintiff argues that the guaranties were negotiated in Illinois and were delivered to Plaintiff in Illinois. Defendants' reply brief fails to address the issue, thereby conceding the venue requirements of § 1391 are met.

Defendants also abandon their *forum non conveniens* argument in their reply. Plaintiff points out that Defendants all agreed in the guaranties that the Northern District of Illinois was not an inconvenient forum. Defendants' reply offers no reason why this forum-selection clause should not be enforced, thereby conceding the point.

Therefore, venue is proper in this District.

*Abstention under the Colorado River Doctrine*

Defendants argue that even if venue is proper, the Court should abstain from hearing the case and stay proceedings while the Florida action is pending. The Colorado River Doctrine stems from the Supreme Court's holding in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (*Colorado River*). "Under the Colorado River abstention doctrine, a federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 818). Determining whether a case should be stayed under the doctrine is a two-step process: First, a court must determine "whether the concurrent state and federal actions are actually parallel." *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006) (internal quotations omitted). Second, the court considers a non-exclusive list of factors to determine if exceptional circumstances are present. *Id.* "Generally, a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* at 752

2

(internal quotations omitted). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (internal quotations and modifications omitted).

There is no question that this suit and the Florida action are not parallel. The Florida action seeks foreclosure on the property; it does not seek to enforce the guaranties. Defendants are not named in the Florida action, which was filed solely against Bridgehampton. This suit names only Defendants, not Bridgehampton, and does not seek any action with respect to the property. Furthermore, there has been no suggestion by Defendants that resolution of the Florida action will resolve Plaintiff's claims against Defendants in this suit. As Plaintiff points out, the only common issue to the two suits, that Bridgehampton defaulted on the loan, is not in dispute.

The cases Defendants cite in support of abstention are easily distinguishable. In both, the defendants in the federal suit were also named in the state suit. *See First Bank and Trust Co. of Illinois v. Richardson*, 2010 WL 4136217, at *3 (N.D. Ill. 2010) ("the parties remain the same in both cases"); *Corus Bank, N.A. v. de Guardiola*, 593 F. Supp. 2d 991, 992 (N.D. Ill. 2008) (federal defendant was named in the state suit). As noted, that is not the case here.

Therefore, abstention under the Colorado River Doctrine is not appropriate.

### Failure to State a Claim

Finally, Defendants argue that the case should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Defendants argue that the Florida action remains pending, no deficiency has been established and that, therefore, there is not yet any liability under any of the guaranties.

3

Defendants fail to develop this argument or offer any case law in support of it.

Furthermore, as Plaintiff points out, the guaranties give Plaintiff the right to bring suit without

first resorting to or exhausting any other security or collateral. Defendants fail to rebut this

argument in their reply, thereby again conceding the dispute to Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or Abstain is denied.

Dated: _12-1-10_

JOHN W. DARRAH
United States District Court Judge

4